IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY SHAFER,

                      Petitioner,

v.                                          CIVIL ACTION NO.  2:18-cv-00953

KAREN PSZCZOLKOWSKI,
      Warden,

                      Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), (ECF No. 2), Petitioner's Motion to Remove Unexhausted Claims and to Withdraw and Dismiss the Motion for Stay and Abeyance, (ECF No. 21), Petitioner's Motion for Appointment of Counsel, (ECF No. 22), Petitioner's Motion for a Competency Hearing, (ECF No. 24), Petitioner's Motion for a Status Update, (ECF No. 25), and Respondent's Motion to Dismiss, (ECF No. 18). By Standing Order filed in this case on May 25, 2018, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings of fact and recommendations for disposition ("PF&R"). (ECF No. 8.) Magistrate Judge Eifert entered her PF&R on April 15, 2019, recommending that the Court grant Petitioner's Motion to Remove Unexhausted Claims and to Withdraw and Dismiss the Motion for Stay and Abeyance and Respondent's Motion to Dismiss; deny the Petition; deny as moot Petitioner's Motion for Appointment of Counsel, Motion for a Competency Hearing, and Motion for a Status Update; and dismiss the action with prejudice. (ECF No. 26 at 47.)

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court is not required to review, under

a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the Magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on May 2, 2019. To date, no objections have been filed.[1] Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 26), **GRANTS** Petitioner's Motion to Remove Unexhausted Claims and to Withdraw and Dismiss the Motion for Stay and Abeyance, (ECF No. 21), and Respondent's Motion to Dismiss, (ECF No. 18.) The Court **DENIES** the Petition, (ECF No. 2), and **DISMISSES** this action, **WITH PREJUDICE**. The Court further **DENIES AS MOOT** Petitioner's Motion for Appointment of Counsel, (ECF No. 22), Petitioner's Motion for a Competency Hearing, (ECF No. 24), and Petitioner's Motion for a Status Update, (ECF No. 25). The Court **DIRECTS** the Clerk to remove this action from the docket of the Court.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 15, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE

---

[1] In response to the PF&R, Petitioner filed a motion to seal the PF&R. (ECF No. 27.) For reasons appearing to the Court, the Court **GRANTS** the motion to seal, (ECF No. 27), and **DIRECTS** the Clerk to seal the PF&R, (ECF No. 26). The Court notes that it cannot direct legal search engines, such as Lexis-Nexis, to remove it from their platforms.